UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DER SECURITY CORP,<br><br>        Plaintiff,<br><br>       v.<br><br>ENETRICS LLC, et al.,<br><br>        Defendants. | Case No. 25-cv-00764-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 51 |

The motion to dismiss is denied.

First, DER has stated a claim for relief for trade secret misappropriation. At this stage, DER need not "spell out the details of the trade secret." *Alta Devices, Inc. v. LG Electronics, Inc.*, 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018). But it must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Id.*

Here, DER alleges that (1) while it employed Robert Fox, it gave him access to DER's technical trade secrets, including source code, object code, and other specifications, and business trade secrets, including proprietary business information and contacts, (2) after Fox left DER, he started Enetrics and introduced a product very similar to DER's DERSec LabTest, which DER alleges he could not have built from scratch in the time between his departure from DER and his introduction of the product without the use of DER's trade secrets, and (3) Fox and Enetrics began to target DER's customers, with contact information that Fox would have known only if he was using DER's business trade secrets.

Through these allegations, it is plausible that something other than general knowledge is at issue, and the defendants are on notice about the boundaries of the trade secrets. For instance, DER points to a specific client that Fox knew it was in talks with and alleges more generally that Fox took DER's confidential business contact information and was aware of DER's confidential long-term business plan. Complaint, Dkt. No. 2, at ¶¶ 54–56. DER also alleges a specific product that it believes Fox copied and notes that, in particular, Fox appeared to have improperly accessed the source code for DER's products. Complaint at ¶¶ 40, 48–49, 52–53. Given the circumstances alleged by DER of Fox's history with the company, the complaint's focus on particular products, and the allegations of business interruptions related to use of confidential client lists and business plans, the defendants are "on notice of what the theft is about." *Arthur J. Gallagher & Co. v. Tarantino*, 498 F. Supp. 3d 1155, 1171 (N.D. Cal. 2020).

The defendants point to several cases to support their argument that more particularity is required. But many of these cases are from the summary judgment stage, after particular trade secrets have been identified so that discovery may proceed. And in fact, the parties have agreed to a timeline for DER to produce a particularized list of these trade secrets. *See* Joint Case Management Statement, Dkt. No. 65, at 9. If, after that time, DER fails to give "concrete identification" to its trade secrets such that the defendants cannot "prepare a rebuttal," then the defendants will be able to bring a motion for summary judgment on that basis. *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020).

Second, DER did not need to do more to differentiate between trade secrets and patent protections in its complaint. DER pled that it protects its technology *generally* with overlapping protections, but did not state that any of the trade secrets addressed in this case had already been released to the public. Complaint at ¶ 20.

Finally, there's no need to decide which state's law applies to the state law misappropriation claim at this stage of the proceeding. The defendants suggest that a decision is needed now to ensure that DER meets California's specific trade secrets particularity statute. While courts are divided on whether and when that procedural requirement applies in federal

court, DER conceded that it would need to do so even if the claim proceeded under Delaware law. *See* Plaintiff's Brief in Opposition, Dkt. No. 53, at 12. And as stated above, DER has agreed to provide a particularized list of the trade secrets involved in this lawsuit in short order. *See* Joint Case Management Statement at 9. In addition, the defendants' argument that DER's tortious interference claim may be preempted under California law was not raised until the Court requested simultaneous supplemental briefing. Because that argument has not been fully developed, the Court declines to consider the preemption question at this stage, but the defendants may raise the issue again at summary judgment. Finally, the defendants argue that the choice-of-law issue must be decided because California law might limit the injunctive relief available to DER, given that DER's agreement with Fox contains noncompete provisions. But at this point, in the complaint before the Court, DER does not appear to be seeking to enforce those noncompete provisions. If that changes, the defendants can raise that issue on summary judgment.

**IT IS SO ORDERED.**

Dated: May 6, 2025

VINCE CHHABRIA
United States District Judge