UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DER SECURITY CORP,<br><br>                Plaintiff,<br><br>         v.<br><br>ENETRICS LLC, et al.,<br><br>                Defendants. | Case No.  25-cv-00764-VC<br><br>**ORDER GRANTING IN PART, DENYING IN PART, DER'S MOTION TO DISMISS COUNTERCLAIMS**<br><br>Re: Dkt. No. 73 |

     DER Security's motion to dismiss the counterclaims is granted in part and denied in part. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

     1. *Mootness*. DER argues that the first, third, and fourth counterclaims are entirely moot because the non-compete clauses at issue have expired and DER has granted Fox and Enetrics a broad, unconditional, and irrevocable covenant not to sue on those provisions based on any past, present, or future actions. Through these counterclaims, Fox and Enetrics seek actual damages, attorneys' fees and costs, an injunction stopping DER from relying on the non-compete provisions, and a declaratory judgment voiding the contract. For all forward-looking relief, the claims are moot because of the contract's expiration and DER's covenant not to sue. *See Nason v. U.S. Department of Housing & Urban Development*, No. 23-35388, 2025 WL 785205, at *2 (9th Cir. Mar. 12, 2025); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 102 (2013). The second claim is also moot because there is "no basis for awarding declaratory relief on an expired agreement." *Southern California Painters & Allied Trades, District Council No. 36 v. Rodin & Co.*, 558 F.3d 1028, 1035 (9th Cir. 2009). However, the first and third claims are not moot as to backwards-

looking relief, such as any actual damages that Fox and Enetrics suffered when DER attempted to enforce the non-competes and any attorneys' fees they may be entitled to recover in connection with seeking those damages.

   *2. Intentional interference with economic advantage.* DER next argues that Enetrics failed to state a claim of intentional interference of economic relations, the second counterclaim. Enetrics alleges that it was in partnership discussions with UL Solutions, that DER sent a cease-and-desist letter to UL Solutions claiming that Fox was in violation of the non-compete agreement, and that UL Solutions then indefinitely paused the partnership discussions. These allegations sufficiently plead the basic elements of an intentional interference with economic advantage claim. *Crown Imports, LLC v. Superior Court*, 223 Cal. App. 4th 1395, 1404 (2014).

   Further, it is plausible that the act of sending the cease-and-desist letter was "independently wrongful." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003). On the assumption that California law applies to the contract, California Business & Professions Code § 16600.5 states that a "former employer shall not attempt to enforce" a non-compete contract that is void. Fox's non-compete was void under California law at the time DER sent the cease-and-desist letter, so that attempt to enforce the contract is an independently wrongful act.[1]

   **IT IS SO ORDERED.**

Dated: July 17, 2025

_____
VINCE CHHABRIA
United States District Judge

---

[1] DER does not argue that it didn't know the contract was void under California law, though it is unlikely that matters, at least at the pleading stage. Relatedly, this ruling does not resolve the choice of law issue because the motion did not squarely raise that issue.